## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH LEE JONES,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 5:20-cv-03177-HLT** |
| **SAM CROW, et al.,** | |
| **Defendants.** | |

## <u>ORDER</u>

Plaintiff, Joseph Lee Jones, who is currently detained at the Douglas County Jail in Lawrence, Kansas, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g); he may proceed *in forma pauperis* only if he establishes a threat of imminent danger of serious physical injury. The Court found that Plaintiff's Complaint presents no claim that Plaintiff was in danger of serious physical injury at the time of filing and ordered Plaintiff to submit the filing fee. On August 4, 2020, the Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b) for failure to submit the filing fee by the deadline. (Docs. 5, 6.) On August 19, 2020, Plaintiff filed a Notice of Appeal (Doc. 7). The Tenth Circuit Court of Appeals dismissed the appeal for lack of prosecution. (Doc. 11). On September 14, 2020, the Court entered an Order (Doc. 12) denying Plaintiff's motion to alter or amend judgment. Plaintiff filed an objection to the Court's Order (Doc. 13), and on November 30, 2020, Plaintiff filed his second Motion to Alter or Amend Judgment (Doc. 14). Plaintiff filed a memorandum in support on December 4, 2020 (Doc. 15).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court

will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Plaintiff's objection to this Court's order denying his first motion to alter or amend judgment alleges that the Court should have treated his motion as an appeal; and asks the Court to send Plaintiff a copy of his motion at Doc. 10. (Doc. 13, at 1.) The Clerk mailed Plaintiff a copy of his motion at Doc. 10 on September 28, 2020. The Court notes that Plaintiff has already filed an appeal in this case and the Tenth Circuit has dismissed that appeal.

This action was dismissed for failure to pay the filing fee after the Court found no showing of imminent danger of serious physical injury.  Plaintiff alleges in his second motion to alter or amend judgment that the Court should reconsider the denial of his motion for leave to proceed in forma pauperis because the three-strikes provision of the statute violates his First Amendment rights.  This argument could have been raised earlier and is without merit.  *See Strope v. Cummings*, 653 F.3d 1271, 1275 (10th Cir. 2011) ("Nor is there any question that § 1915(g) is constitutional.") (citations omitted)).

The remainder of Plaintiff's motion, which is largely incomprehensible, refers to other cases he has filed and suggests that he is filing his motions as a means to preserve his research. Nothing in Plaintiff's motion suggests relief under Rule 60 is warranted.  Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

THE COURT THEREFORE ORDERS that Plaintiff's Motion to Alter or Amend Judgment (Doc. 14) is **denied**.

IT IS SO ORDERED.

Dated: December 4, 2020                                 /s/  *Holly L. Teeter*
                                                                      HOLLY L. TEETER
                                                                      UNITED STATES DISTRICT JUDGE